IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO GARCIA ROPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-685-SLP |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against the Oklahoma Department of Corrections. Plaintiff's Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). The Court may sua sponte dismiss all or part of a case if a pro se plaintiff who is proceeding *in forma pauperis* "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). In reviewing the Complaint, the Court accepts all factual allegations as true and draws all inferences in Plaintiff's favor. *See id.* While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citations omitted).

Plaintiff 42 U.S.C. § 1983 claim, alleging a violation of his Fifth Amendment rights under the Constitution, as well as a violation of his due process rights under the Oklahoma Constitution.[1]  Compl. [Doc. No. 1] at 3.  Plaintiff claims he "was set to be released from the Oklahoma Dept of Corrections on 11-25-22 but wasn't released until 11-28-22." *Id.* Plaintiff seeks money damages to compensate for his alleged overdetention.  It appears that, at the relevant time, Plaintiff was serving a state prison sentence in connection with his guilty plea to three counts of robbery with a firearm in Oklahoma County.  *See State v. Roper*, Case No. CF-2017-1901.[2]

The sole Defendant named in Plaintiff's Complaint is the Oklahoma Department of Corrections ("ODOC").  But the Eleventh Amendment bars claims against ODOC, which is "an arm of the state . . . entitled to absolute immunity." *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 632 (10th Cir. 1988).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh

---

[1] Section 1983 is the remedial vehicle which allows litigants to seek redress for constitutional violations perpetrated by persons acting under color of state law. *See Brown v. Buhman*, 822 F.3d 1151, 1162 n.9 (10th Cir. 2016).

[2] The Court takes judicial notice of the state-court docket. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 n.2 (10th Cir. 2016) (citing cases).

Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

To be sure, an arm of the state may be liable to suit where the state has waived its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress has abrogated it, *see Garrett*, 531 U.S. at 363.  But neither exception applies here. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (concluding Congress did not abrogate states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983).  Accordingly, Plaintiff's claims against ODOC are subject to dismissal.

But because it is not clear that leave to amend would be futile, the Court will permit Plaintiff to file an amended complaint.  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must" dismiss the complaint if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  And although "*Heck* does not apply when a plaintiff has no available habeas remedy, [] the plaintiff must show that the lack of a habeas remedy is 'through no lack of diligence on his part.'"  *Kilman v. Williams*, 831 F. App'x 396, 398 (10th Cir. 2020) (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010)).

There are no facts describing the nature and circumstances of Plaintiff's sentence or his alleged overdetention—e.g., whether Plaintiff is challenging the application of good-time credits.  *Cf. Kailey v. Ritter*, 500 F. App'x 766, 768 (10th Cir. 2012) (concluding *Heck*

barred plaintiff's § 1983 overdetention claim); *Brown v. Cline*, 319 F. App'x 704, 705 (10th Cir. 2009) (same). Without further detail about the overdetention, the Court is hesitant to conclude that amendment would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (cautioning district courts to limit sua sponte dismissals to those cases "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (quotation omitted)).

IT IS THEREFORE ORDERED that the Complaint [Doc. No. 1] against ODOC is DISMISSED without prejudice.[3]

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order. If no amendment is timely filed, this action will be dismissed for the reasons articulated above.

IT IS SO ORDERED this 19th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] "Eleventh Amendment immunity is jurisdictional," so dismissals on this basis should be without prejudice. *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).