## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTONIO GARCIA ROPER,               )
                                    )
      Plaintiff,                  )
                                    )
v.                                  )        Case No. CIV-24-685-SLP
                                    )
OKLAHOMA DEPARTMENT OF              )
CORRECTIONS,                        )
                                    )
      Defendant.                  )

## **O R D E R**

On August 19, 2024, the Court dismissed Plaintiff's pro se Complaint [Doc. No. 1], concluding that Eleventh Amendment immunity barred suit against the Oklahoma Department of Corrections ("ODOC"). *See* [Doc. No. 11]. But the Court noted that "[w]ithout further detail about [Plaintiff's] overdetention," it was not entirely clear if amendment would be futile. *Id.* at 4. The Court ordered Plaintiff to file an amended complaint that named a proper defendant and included sufficient factual detail. Plaintiff was cautioned that this action would be dismissed if he failed to comply. *See id.*

Plaintiff did not timely file an amended complaint or seek an extension of time in which to do so. Instead, Plaintiff sent a letter that primarily described his dissatisfaction with the Court's August 19 Order. *See* [Doc. No. 14]. For example, the letter (1) characterizes the Court's conclusion that the Complaint failed to state a claim as "a bunch of crock," (2) asserts "ODOC is not immune from lawsuits when [it] keep[s] a resident past their discharge date," and (3) claims "case law doesn't apply when you're walking in and standing on the truth." *Id.* at 1–2. The Court concludes, based on Plaintiff's letter, that

this action should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii),[1] failure to comply with the Court's August 19 Order, and failure to prosecute this action.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action sua sponte based on a plaintiff's failure to prosecute an action or to comply with Court orders. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). In determining whether such a dismissal is proper, the Court considers "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774 (10th Cir. 2014).

Upon consideration of these factors, the Court finds that dismissal without prejudice is appropriate in this case. The Court previously warned Plaintiff that this action would be subject to dismissal if he failed to file an amended complaint. *See* [Doc. No. 11] at 4. Although the Court identified the reasons why the Complaint failed to state a claim, Plaintiff made no attempt to rectify those shortcomings. Instead, Plaintiff chose to resolutely stand by the Complaint despite the Court's previous Order. Thus, it appears the imposition of lesser sanctions (e.g., an additional chance to amend) would likely be

---

[1] The Court's § 1915 analysis is detailed in its August 19 Order [Doc. No. 11].

2

fruitless.  Because the Court previously dismissed the Complaint, this action cannot move forward without an operative pleading.  And, as Plaintiff has made no attempt to file an amended complaint, dismissal without prejudice is appropriate.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment of dismissal will be entered.

IT IS SO ORDERED this 13th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE